# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> vs. <br> RAMON T. GALLEGOS, et al., <br><br> Defendants. | CASE NO. 16cv950-LAB (WVG) <br><br> **ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT** |

After Defendants failed to answer or defend this action, default was entered against them. Plaintiff J & J Sports Productions, Inc. then moved for default judgment. Defendants were ordered, if they did not consent to entry of judgment against themselves, to file a written opposition, and a copy of the Court's order was mailed to them. When they failed to oppose the motion, the hearing was vacated and the matter was taken under submission.

J & J's motion seeks damages for Defendants' infringement of its broadcast rights in a televised boxing match. According to the complaint, Defendants intercepted and played the broadcast in a restaurant for commercial purposes, even posting an advertisement in the window to bring in customers. J & J seeks damages amounting to $27,000 both for statutory violations and for conversion, plus costs and attorney's fees. That figure is broken down as follows: $6,000 for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II); $18,000 under § 605 (e)(3)(C)(ii) for a willful violation; and $3,000 for conversion. The principal claims arise

under federal law, and the Court can exercise supplemental jurisdiction over the state-law claims, which arise from the same infringing acts.

An award of attorney's fees is authorized by 47 U.S.C. § 605. J & J did not request costs or fees in a particular amount, but asked that it be granted 14 days from entry of judgment to submit its motion for costs and fees.

Entry of default judgment is governed by Fed. R. Civ. P. 55 and is committed to the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether to enter a default judgment in Plaintiff's favor, the Court examines the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

The Court accepts the factual allegations in the complaint, other than those relating to the amount of damages, as true. *See Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

All the *Eitel* factors either weigh in favor of default judgment or are neutral; none weigh against it. The complaint adequately sets forth facts that plausibly support its four claims. Piracy of sports and other entertainment broadcasts by small businesses is both widespread and difficult to detect. *J & J Sports Productions, Inc. v. Marcaida*, 2011 WL 2149923, at *4 (N.D. Cal. May 31, 2011) (quoting *Garden City Boxing Club, Inc. v. Batista*, 2007 WL 4276836 at *4 (E.D. N.Y. 2007)). Awards of damages are necessary to deter would-be infringers. *Id*. Unless default judgment is granted, J & J will lose not just the fee Defendants should have paid, but also the deterrence value of this suit. The amount of money at stake is significant but not overwhelming, and the damages request does not appear to be inflated. The Court is reducing the damages for conversion, however.

There is some question whether Defendants' piracy involved a satellite or cable broadcast, which would affect whether J & J's claims arise under 47 U.S.C. § 605 or § 553.

But resolving such a dispute is impossible without Defendants' involvement in the case. *See Joe Hand Promotions, Inc. v. Fierro*, 2015 WL 351663, at *2 (E.D. Cal. Jan. 26, 2015) (where it was unclear whether the infringed programming was broadcast over cable or satellite, holding that statutory damages should be awarded under § 605, to avoid unfair prejudice to the plaintiff). Because Defendants were given several warnings about the possibility of default judgment, it does not appear that their default can be attributed to excusable neglect. Although the Court is mindful of the policy favoring judgments on the merits whenever possible, it does not appear to be possible here.

Conversion damages are to be based on the value of the property that was converted. *See Marcaida*, 2011 WL 2149923, at *4. The motion does not seek punitive damages or damages under California Bus. & Prof. Code § 17200. Instead, J & J appropriately identifies the $3,000 fee Defendants ought to have paid as the basis for the valuation. *See id.* (citing *Krueger v. Bank of America*, 145 Cal. App. 3d 204, 215 (Ct.App.1983)) (measuring the value of a pirated program by the fee the defendant would have had to pay to lawfully purchase the program).

J & J also seeks an award of statutory damages, which requires the Court to set the damages within a given range. *See Joe Hand Promotions, Inc. v. Streshly*, 655 F. Supp. 2d 1136, 1137 (S.D. Cal. 2009). The Court uses the range provided for under 47 U.S.C. § 605. *See id.* at 1137 (where damages could be awarded under either 47 U.S.C. § 605 or § 553, awarding damages under the higher of the two, *i.e.*, § 605). Under that provision, ordinary statutory damages cannot be less than $1,000 nor more than $10,000. § 605(e)(3)(C)(i)(II). But if the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the Court may award an additional amount of up to $100,000. § 605(e)(3)(C)(ii). In this case, Defendant advertised the boxing match in the restaurant window and showed it on two large-screen televisions in the restaurant. The violation was therefore clearly done both wilfully and for purposes of commercial advantage, and additional damages are warranted.

/ / /

The Court is not required to accept a plaintiff's valuation, and under the circumstances the Court believes the suggested statutory damages are too high. *See id.* at 1139 (exercising discretion to determine an appropriate statutory award in light of the particular facts of the case and of awards in other cases). Among other factors, the audience for the match appears to have been rather small. The restaurant's capacity is about 55 customers, and only about 15 to 20 were present at the time the match was showing. Mindful of other facts of the case, awards in other cases, and the need for deterrence, the Court concludes that an award half the amount J & J seeks would be reasonable.

It should be noted that the $3,000 award for conversion is not duplicative of the $3,000 statutory damages award. Statutory damages are intended, in part, to deter future piracy both by Defendants and others. The need for deterrence requires an award substantially higher than the cost Defendants would have had to pay to show the program lawfully. *See Marcaida*, 2011 WL 2149923 at *4.

The Court finds that all requirements for entry of default judgment have been satisfied, and that entry of judgment is appropriate under applicable law. The motion for default judgment is therefore **GRANTED**. The Court **ORDERS** that judgment be entered against Defendants and in favor of J & J Sports Productions, Inc. as follows:

a. For the Violation of Title 47 U.S.C. § 605(e)(3)(C)(i)(II):  $ 3,000.00
b. For the Violation of Title 47 U.S.C. § 605(e)(3)(C)(ii):  $ 9,000.00
c. For the Tort of Conversion:  $ 3,000.00
Total: $ 15,000.00

J & J shall have **14 days from the date of entry of judgment** to submit its motion for costs and attorney's fees.

**IT IS SO ORDERED**.

DATED: June 14, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge